## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )  CRIMINAL NO.  1:CR-05-443-16 |
| | ) |
| v. | )  (Judge Kane) |
| | ) |
| TANA  ADKINS | )  (ELECTRONICALLY FILED) |

## P L E A   A G R E E M E N T

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the office of the  United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

1. Plea of Guilty.  The defendant agrees to plead guilty to Counts One and Thirty of the Indictment.  Count One charges the defendant with a violation of Title 18, United States Code, Section 371, conspiracy to engage in interstate prostitution.  The maximum penalty for the offense is imprisonment for a period of 5 years, a fine of $250,000, a maximum term of supervised release of up to 5 years, to be determined by the court.  Count Thirty charges the defendant with a violation of Title 18, United States Code, Section 1956(h), conspiracy to engage in money laundering.  The maximum penalty for the offense is imprisonment for a period of 20

years, a fine of $500,000, a maximum term of supervised release of up to 5 years, to be determined by the court.  The period of supervised release shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $200.00.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offenses charged in those counts.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charges to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction.

2. <u>Supervised Release</u>.  The defendant also understands that the Court must impose a term of supervised release following any sentence of  imprisonment exceeding one (1) year, or when required by statute.  The Court may require a term of supervised release in any other case.

3. <u>Maximum Sentence</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 25 years in prison

and/or fines totaling $750,000, a term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $200.00.

4. Fine. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5. Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. Inmate Financial Responsibility Program. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. Special Assessment. The defendant understands that the Court will impose a special assessment of $200.00 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in

payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8. <u>Financial Litigation Unit Investigation</u>.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status.  Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

4

9.  <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

10.  <u>Acceptance of Responsibility–Three Levels</u>.  Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines.  Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently.  Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office  hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility.  The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

11.  <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12. Victims' Rights. The defendant understands that pursuant to the Victim and Witness

Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the

Attorney General of the United States, crime victims have the following rights:

(a) The right to be reasonably protected from the accused.

(b) The right to reasonable, accurate, and timely notice of any public court proceeding or
any parole proceeding, involving the crime or of any release or escape of the accused.

(c) The right not to be excluded from any such public court proceeding, unless the court,
after receiving clear and convincing evidence determines that testimony by the victim would be
materially altered if the victim heard other testimony at that proceeding.

(d) The right to be reasonably heard at any public proceeding in the district court
involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the
victim's comments and recommendations at any of these proceedings may be different than those
of the parties to this agreement.

(e) The reasonable right to confer with the attorney for the Government in the case.  The
defendant understands that the victim's opinions and recommendations given to the attorney for
the Government may be different than those presented by the United States as a consequence of
this agreement.

(f) The right to full and timely restitution as provided for by law.  The attorney for the
Government is required to "fully advocate the rights of victims on the issue of restitution unless
such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is
authorized to order restitution by the defendant including, but not limited to, restitution for
property loss, economic loss, personal injury, or death.

(g) The right to proceedings free from unreasonable delay.

(h) The right to be treated with fairness and with respect for the victim's dignity and
privacy.

13. Relevant Sentencing Information.  At the sentencing, the United States will be

permitted to bring to the Court's attention, and the Court will be permitted to consider, all

relevant information with respect to the defendant's background, character and conduct including

the conduct that is the subject of the charges which the United States has agreed to dismiss, and

the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

14.  <u>Maximum Sentence</u>.  The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 25 years, a fine of $750,000, a maximum term of supervised release to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $200.00.

15.  <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

16.  <u>Cooperation with IRS</u>.  The defendant agrees to fully comply and cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns which may come due during the term of incarceration, probation or supervised release. The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty

United States and otherwise fully comply with the tax laws of the United States. The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

17.  Agreement Not Binding on Other Agencies.  Nothing in this agreement shall bind any other federal, state or local law enforcement agency.

18.  Violation of Law While Plea or Sentence Pending.   The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

19.  Plea Agreement Serves Ends of Justice. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

8

20. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

21. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., April 28, 2006, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

22. <u>Required Signatures</u>.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

<u>4-7-06</u>          X  _Tara R Collins_____
Date                     TANA ADKINS, Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the

defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_4-7-06_
Date

_Peter B. Foster_
PETER FOSTER, Esquire
Counsel for Defendant Tana Adkins

_4/10/06_
Date

_T.F. Marino_
THOMAS A. MARINO,
United States Attorney

GADZ/gadz            USAO No. 2004R00325            April 4, 2006

Post-Booker Plea Agreement 11/22/2005

10