IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 1:CR-05-443-16 |
| | : | |
| v. | : | (JUDGE KANE) |
| | : | |
| TANA ADKINS, et al. | : | |

### DEFENDANT TANA ADKINS' OBJECTIONS TO THE PROBATION OFFICE'S PRE-SENTENCE INVESTIGATION REPORT

AND NOW, this 29th day of August, 2006, comes Defendant Tana Adkins, by her attorney, Peter B. Foster, Esquire, and objects to the Pre-Sentence Investigation Report, as follows:

1. Defendant Tana Adkins objects to the P.S.I. Report primarily because the Probation Office, as determined in Paragraph 23 of the Report, that the Offenses to which the Defendant pled guilty (Counts I and III of the Indictment) involved criminal acts with minor women. This finding is totally incorrect because the government has no evidence that the Defendant was promoting, facilitating or encouraging prostitution with minor women, the Defendant did not plead guilty to offenses involving minor women and even the factual evidence recited by the Probation Officer as admissions by the Defendant, as having contacts with minor women, does not constitute criminal activity.

The Defendant agrees with the Probation Officer's Offense Level Computation determination in Paragraphs 20, 21 and 22 of the Report. However, the Defendant disagrees with the Probation Officer's conclusion in Paragraph 23 of the Report that: "Because minors were involved the appropriate guideline is USSG § 261.3." The Government has no evidence that minors were involved in the Defendant's conduct. The Probation Officer in Paragraph 7 of the Report has incorrectly concluded by citing pieces of information showing limited contact by

the Defendant with minors that USSG § 261.3 applies. Therefore, USSG § 261.3 should not be used to determine the Defendant's Base Offense Level.

Consequently, the Defendant also objects to the Base Offense Level determinations by the Probation Officer in Paragraphs 24, 25 and 26 of the Report because, again, it was found that the Defendant's criminal conduct involved minor women, for which there is no evidence.

The Defendant agrees with the Probation Officer's determination in Paragraph 25 of the Report that: "Pursuant to USSG § 251.1(b)(2)(B), because Ms. Adkins was convicted under 18 U.S.C. § 1956, a two-level increase is required. The Defendant also agrees with the Probation Officer's determination in Paragraph 31 of the Report that the Defendant should be given a two-level and a one-level reduction adjustment for her acceptance of responsibility. Further, the Defendant agrees with the Probation Officer's conclusion in Part B of the Report that: "The Defendant has zero criminal history points, resulting in a Criminal History Category I." (Paragraph 46 of Report).

2. The Defendant would calculate the Offense Level Computation as follows: The Defendant is charged in Count I with conspiracy to commit three separate offenses, transporting individuals for the purpose of engaging in prostitution (18 U.S.C. § 2421), persuading, inducing, enticing and coercing individuals to travel to engage in prostitution [18 U.S.C. § 2422(a)], and traveling interstate and using facilities with the intent to distribute the proceeds of prostitution (18 U.S.C. § 1952). She is charged in Count 30 with conspiracy to engage in money laundering [18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)]. USSG § 1B1.2(d) provides that a conviction on a count charging conspiracy to commit more than one offense shall be treated as if the Defendant had been convicted on a separate count of conspiracy for each offense that the Defendant conspired to commit. Consequently, within Count I, the conspiracy to transport individuals for

the purpose of engaging in prostitution becomes pseudocount I, the conspiracy to persuade, induce, entice and coerce individuals to travel to engage in prostitution becomes pseudocount 2, and the conspiracy to travel interstate and use facilities with the intent to distribute proceeds of prostitution becomes pseudocount 3.

Pseudocounts 1 through 3 are grouped with each other and with Count 30 under USSG § 3D1.2(b), because they involve the same acts connected by a common criminal objective scheme, and plan. Under USSG § 3D1.3(a), the offense level applicable to this group is the offense level for the most serious of the counts comprising the group, i.e., the highest offense level for the counts in the group. Count 30 (conspiracy to engage in money laundering) results in the highest offense level.

The guideline for Count 30 is USSG § 251.1(a)(1), which directs that the base offense level for the underlying offense from which the laundered funds were derived, if (A) the defendant committed the underlying offense; and (B) the offense level for that offense can be determined. The underlying offenses are 18 U.S.C. § 2421 and 2422(a).

Consequently, the appropriate guideline is USSG § 251.1(a)(1) and (2). This guideline determines that the Base Offense Level for the Defendant under § 251.1.(a)(1)(B) is 8. Since the Defendant contends that the value of the laundered funds was $9,000.00, a 2 level increase is warranted under § 251.1(a)(2) in reference to USSG § 2B1.1(b)(1)(B). At this point, the Defendant has an Offense Level of 10.

No increase in the Offense Level under § 251.1.(b)(1) is warranted because the Defendant's Specific Offense Characteristics do not meet the criteria set forth under Subsection (b). A two level increase is indicated under § 251.1.(b)(2)(B) because the Defendant has been

convicted under 18 U.S.C. § 1956.  At this point, the Defendant has an Offense Level of 12.  The Defendant is entitled to a three-level reduction for acceptance of responsibility.

Based on the Defendant's guilty plea and her admissions to the Court and Probation Officer, a two-level reduction is warranted under USSG § 3E1.1(a).  Under USSG § 3E1.1(b), upon motion of the Government stating that the Defendant has assisted authorities in the investigation or prosecution of her misconduct by timely notifying authorities of her intention to enter a plea of guilty, an additional one-level reduction is warranted.

At this point, the Defendant has an Offense Level of 9.  Defendant's criminal history is minimal, so that she has zero criminal history points, resulting in a Criminal History Category I.  Therefore, the Defendant has a final Offense Level of 9, which calls for a sentence of 4 to 10 months.

WHEREFORE, for all the foregoing reasons, Defendant Tana Adkins requests this Honorable Court to find that the Probation Officer's guideline calculations in his Pre-Sentence Investigation are incorrect and that the Defendant's Offense Level calculation should be 9.

                                    Respectfully submitted,

August 29, 2006                          /s/ Peter B. Foster
                                          Peter B. Foster, Esquire
                                          Attorney for Defendant
                                          PINSKEY & FOSTER
                                          114 South Street
                                          Harrisburg, PA  17101
                                          717-234-9321

CERTIFICATE OF SERVICE

I hereby certify that on this date, August 29, 2006, I served a copy of the foregoing Defendant's Objections on the U.S. Government and the U.S. Probation Office by mailing said copies by first class mail at Harrisburg, PA to Probation Officer John Vought and Assistant U.S. Attorney Gordon Zubrod, as follows:

> John Vought
> Sr. U.S. Probation Officer
> Middle District of PA Probation Office
> Federal Building
> Third and Walnut Streets
> Harrisburg, PA  17108
>
> Gordon Zubrod
> Assistant U.S. Attorney
> Justice Department
> Federal Building, 2nd Floor
> Third and Walnut Streets
> Harrisburg, PA  17108

August 29, 2006                                                       /s/ Peter B. Foster
                                                                                 Peter B. Foster, Esquire
                                                                                 Attorney for Defendant